IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-164-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FRANCIS MAURICE THOMPSON, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's appeal (DE 17) of the magistrate judge's pretrial detention order filed December 19, 2017. Requested review having been undertaken, for reasons given below, defendant's plea for release is denied.

## BACKGROUND

Criminal complaint filed December 8, 2017, charges defendant with being a felon in possession of a firearm, on or about August 31, 2017, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant appeared before United States Magistrate Judge Robert B. Jones, Jr., for a preliminary hearing on the criminal complaint and for detention hearing on the government's motion, on December 19, 2017. Following the hearing, the magistrate judge entered an order finding probable cause for the charged offense and ordering detention pending trial. (DE 12). Indictment filed December 20, 2017, charges defendant with being a felon in possession of a firearm, on or about August 31, 2017, in violation of 18 U.S.C. §§ 922(g)(1) and 924.

Defendant filed an "appeal" of the magistrate judge decision on detention, on January 2, 2018 (DE 17). Arraignment is set for the February 13, 2018 term of court and pretrial motions are

due by January 26, 2018.

## COURT'S DISCUSSION

If a person is ordered detained by a magistrate judge, the person may file with the district court a motion for revocation of the order. 21 U.S.C. § 3145(b). The district court should conduct a *de novo* review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985).

In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985); United States v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same). Having completed a thorough review of the magistrate judge's detention order, as well as the report prepared by the United States Pretrial Services Office, and a complete recording of the detention hearing, the undersigned finds that no further evidentiary hearing or briefing is necessary.

Pre-trial detention must be ordered when, after hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take

into account the available information concerning –

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. 18 U.S.C. § 3142(f).

In a pretrial detention hearing, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."); United States v. Salerno, 481 U.S. 739, 751 (1987) (requiring "clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or community" to justify pretrial detention). To consider whether any conditions of release reasonably will assure a defendant's attendance at trial, the government need only prove that there are no such conditions by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

There is no presumption for detention in this case. However, having reviewed all the evidence before the magistrate judge in addition to the evidence now before the court, the court finds

3

the well-considered decision of the magistrate judge to be correct. The government has proven by clear and convincing evidence that no conditions of defendant's release reasonably can assure the safety of the community and by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required.

In support of this conclusion, the court adopts the reasoning of the magistrate judge and makes the following findings in supplement to or in emphasis of the magistrate judge's findings. With respect to the nature and circumstances of the offense charged and the strength of the government's case, the court finds significant to detention the alleged offense conduct of felon in possession of firearm, described as set forth at hearing testimony and in affidavit in support of criminal complaint, including testimony regarding suspected marijuana substance in vehicle, as well as defendant's alleged conduct in resisting arrest, and post-arrest interviews. Also weighing in favor of detention, the court notes defendant's criminal history including 2011 conviction for possession of stolen firearm and felony drug offenses; felony drug conviction in November 2012; probation revocation in December 2012 as a result thereof, along with probation violation in September 2013. Defendant thus has engaged in criminal conduct similar to circumstances of instant offense.

With respect to history and characteristics, as well as other factors, the court notes a history of drug use as reported in pretrial services report, as well as an unsuitable living situation due to the work schedule of an identified potential third-party custodian. Although defendant was not required to provide a third-party custodian, information in pre-trial services report provides a sufficient basis, in addition to other factors noted above as well as testimony at hearing, to find that no condition or combination of conditions will reasonably assure defendant's appearance and the safety of the community as required.

Therefore, the decision of the magistrate judge is correct, and detention prior to trial is necessary.

## CONCLUSION

For the reasons given, defendant's appeal (DE 17) of magistrate judge detention order is DENIED. Defendant shall remain committed to the custody of the Attorney General, subject to the provision that defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that he shall be afforded reasonable opportunity for private consultation with his counsel; and, that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where defendant is confined shall deliver defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this the 17th day of January, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge